MARINE PRODUCTION COMPANY, INCORPORATED, V.
LAWRENCE S. FLANNERY.

No. 8141. Decided November 24, 1943.
(175 S. W., 2d Series, 399.)

*Mayfield & Lee* and *W. Edward Lee*, all of Tyler, *Black, Graves & Stayton* and *Charles L. Black*, all of Austin, for petitioner.

It was error for the Court of Civil Appeals to hold that the contract of January 27, 1936, obligated petitioner to pay half of the 1936 income taxes assessed against Lawrence S. Flannery, Inc., a corporation in which petitioner had no interest whatsoever and over which he had no control. Reynolds v. McMan Oil & Gas Co., 11 S. W. (2d) 778.

*H. P. Smead, Wynne & Wynne,* all of Longview, and *Henry H. Harbour,* of Du Quoin, Ill., for respondent.

MR. JUDGE FOLLEY of the Commission of Appeals delivered the opinion for the Court.

This suit was filed by Lawrence S. Flannery, transferee of Lawrence S. Flannery, Inc., against the Marine Production Company, Inc., to recover one half of the income taxes in the sum of $48,659.95 assessed for the year 1936 by the United States Government against Lawrence S. Flannery, Inc., and certain attorney's fees and tax consultant fees incident thereto. The suit involves the construction of a written contract entered into between the Marine Production Company, Inc., and Lawrence S. Flannery, Inc., on January 27, 1936. The trial court construed the contract against the contention of Lawrence S. Flannery and rendered judgment for the Marine Production Company, Inc. Upon appeal the Court of Civil Appeals of Texarkana held that the Marine Production Company, Inc., was liable under the contract, but, instead of rendering judgment, reversed and remanded the cause for further development of an issue of negligence charged against Lawrence S. Flannery, Inc., in connection with the manner in which its 1936 Income Tax Return was filed, as more fully appears in the opinion of the Court of Civil Appeals reported in 170 S. W. (2d) 834.

Both parties filed motions for rehearing in the Court of Civil Appeals and, upon the overruling of the same, each has filed an application for a writ of error in this Court. The application of the Marine Production Company, Inc., was granted upon the proposition that the Court of Civil Appeals erred in holding that the contract obligated the Marine Production Company, Inc., to pay one half of the 1936 income taxes assessed against Lawrence S. Flannery, Inc. The application of Lawrence S. Flannery was granted because of the granting of the application of the Marine Production Company, Inc. When we use the word "petitioner" we shall refer to the Marine Production Company, Inc., and when we use the word "respondent" we shall refer to Lawrence S. Flannery.

In 1931 Mrs. Johnnie V. Bradley and Lawrence S. Flannery engaged as partners in the oil business and later in such year incorporated as the Marine Production Company, Inc. The assets of the partnership passed into the corporation and the stock of the company was owned equally by Mrs. Bradley and Flannery either directly or beneficially. Later Flannery's half of the stock in the petitioner was transferred to Lawrence S. Flannery, Inc., which company was owned by Flannery. In the latter part of 1935 negotiations were begun between Flannery and Mrs. Bradley to dissolve their partnership by a partial dissolution of the petitioner. To consummate this dissolution the parties entered into the contract dated January 27, 1936, which agreement included Lawrence S. Flannery, Inc., and Lawrence S. Flannery individually, as first parties,, and Marine Production Company, Inc., and Mrs. Bradley, joined by her husband, as second parties. Under such agreement half of the assets of the petitioner were transferred to Lawrence S. Flannery, Inc., in exchange for stock in petitioner owned by Lawrence S. Flannery, Inc. Since the date of such contract Mrs. Bradley has remained the sole beneficial owner of the stock of the petitioner. Lawrence S. Flannery, Inc., was dissolved in 1937 by its owner Lawrence S. Flannery, who took over all the assets and assumed the obligations of the latter company.

For the year 1936 the Flannery corporation reported a loss for income tax purposes in the amount of $19,000.00. Agents of the Internal Revenue Department examined this return and represented to respondent that his company would be liable for income, excess profits, and surtaxes for the year 1936 in the sum of $71,000.00. At this time the Flannery corporation had already been dissolved. The respondent filed a contest with the Board of Tax Appeals for the dissolved corporation and for himself which resulted in a consent decree in April 1941 in the sum of $48,659.95. This amount the respondent paid. All of these taxes grew out of the partial transfer and liquidation of Marine Production Company, Inc., which transfer resulted in capital gains for the Flannery corporation. Except for such transaction the Flannery corporation would have sustained a net loss for income tax purposes for 1936 in the sum of approximately $3,000.00. As above stated, this suit was to recover one half the income taxes paid in the sum of $48,659.95, and also one half of $4,250.00 attorney's fees and one half of $3,000.00 tax consultant fees paid by the respondent as incident to his tax suit.

The following paragraph from the contract of dissolution in controversy is material here:

"It is further understood and agreed between the parties that the expense of completing this transfer, and all expenses incident thereto, shall be at the equal expense of both parties, that is, Marine Production Company, Inc., and Lawrence S. Flannery, Inc., and that all outstanding bills and accounts against the Marine Production Company, Inc., as shown by the books of account and record as of December 31st, 1935, shall be paid with the funds now on hand and which may be due as of said date, to the Marine Production Company, Inc., insofar as said funds will pay, and after that time, one-half shall be paid by each, Lawrence S. Flannery, Inc., and the Marine Production Company, Inc., this to include any income tax which may be due up to and including December 31, 1935, or any income tax that might be assessed and agreed to by all parties hereto, incident to this exchange and transfer. Provided, that should any funds remain in the Marine Production Company, Inc., after payment of bills, it shall be divided equally between Marine Production Company and Lawrence S. Flannery, Inc."

The above portion of the agreement, stripped of its immaterial verbiage, as material here, may be reduced to the following:

"It is agreed that the *expense of completing this transfer, and all expenses incident thereto,* shall be at the equal expense of Marine Production Company, Inc. and Lawrence S. Flannery, Inc. and that all outstanding bills and accounts *against the Marine Production Company, Inc.* shall be paid with the funds of the Marine Production Company, Inc. insofar as said funds will pay, and after that time, be shared equally by the two corporations, *this* to include any income tax which may be due up to and including December 31, 1935 or any income tax that might be assessed and agreed to by all the parties hereto, incident to this exchange and transfer." (Italics ours.)

The Court of Civil Appeals, in interpreting the above provisions, held that the general language of the same requiring the parties to share equally the "expense of completing this transfer" and "all expenses incident thereto," obligated petitioner to pay half the income taxes for 1936 assessed against Lawrence S. Flannery, Inc., a corporation in which petitioner had no interest and over which it had no control. This holding was based upon the theory that the taxes grew out of and were an expense incident to the transfer. In such holding we think the Court of Civil Appeals was in error.

The obligation assumed was to pay one half of the expenses of the transfer and "all outstanding bills and accounts against

the Marine Production Company, Inc." and "this to include any income tax." This obligation could only reasonably be construed to mean income taxes assessed against the Marine Production Company, Inc. No obligation was assumed with reference to the income taxes against Lawrence S. Flannery, Inc., and the taxes in question were assessed against the latter company and not the petitioner. The taxes were not assessed against the Flannery corporation as "incident to this exchange and transfer." They were assessed against that corporation on account of all the business conducted by it during the year 1936, the amount being determined by the amount of its total revenues from all of its business, less total expenses and other authorized deductions. The amount of the taxes was not dependent upon a single transaction but was governed by the net earnings of that corporation for the entire year. It also depended upon the amount of dividends declared by the corporation, the value placed by the corporation on its capital stock in paying capital stock taxes, and the capital gain realized by the corporation through the partial liquidation of the petitioner, which capital gain depended in part upon the consideration originally given for the stock in the petitioner which was exchanged for half of the property of the petitioner.

The taxes in question did not, in our opinion, constitute "expenses of completing" the transfer nor did they constitute a legitimate "expense incident thereto." Petitioner was not interested in the net income of the Flannery corporation, had no control over the conduct of its business operations or its dividend policy or over the value placed on its capital stock. In fact, the parties were not dealing only with the Flannery corporation at all but were dealing with the Marine Production Company, Inc. They were not contracting in respect to the Flannery corporation or its debts any more than they were contracting in respect to the property or debts of Mrs. Bradley. As Mrs. Bradley and the respondent desired to sever their business relationship by giving the Flannery corporation half the assets of petitioner in exchange for its stock in petitioner, it was reasonable for the parties to contract that all debts of petitioner, including taxes incurred before the date of dissolution, should either be paid by petitioner before the property was divided or shared equally thereafter by the parties, who were in effect dividing petitioner's net assets. This is as far as we think the agreement extended and we therefore hold that the taxes assessed against the Flannery corporation were not assumed under the terms of the contract and that the petitioner is not liable therefor.

The judgment of the Court of Civil Appeals will be reversed and the judgment of the trial court will be affirmed.

Opinion adopted by the Supreme Court November 24, 1943.